STATEWIDE GRIEVANCE COMMITTEE *v.*
NORMAN EBENSTEIN
STATEWIDE GRIEVANCE COMMITTEE *v.*
DOUGLAS EBENSTEIN

SUPERIOR COURT   JUDICIAL DISTRICT OF   FILE NOS. 388537
HARTFORD-NEW BRITAIN AT HARTFORD   388538

Memorandum filed April 6, 1992

*Hoberman & Pollack, Ludgin & Whitehead,* and *Elizabeth F. Collins,* assistant bar counsel, for the plaintiff in both cases.

*Katz & Seligman,* for the defendants in both cases.

*Robinson & Cole,* for the defendant in the first case.

*Santos, Peck & Smith,* for the defendant in the second case.

SCHALLER, WAGNER and PARKER, Js. This matter concerns presentments brought by the statewide grievance committee (committee) against the defendants pursuant to Practice Book § 31.

The three count amended complaint alleges numerous violations of the Rules of Professional Conduct by the defendants. The first count involves their permitting a nonsuit to be entered against a client in a personal injury case and their attempt thereafter to settle the malpractice claim against them without advising the client of his right to independent counsel and, the claiming of an unreasonable fee from him. The second count involves the utilization and improper supervision of a paid solicitor. The third count alleges twenty-two separate claims of rules violations, primarily involving the failure of the defendants as managing partners to ensure that lawyers in the firm followed proper procedures in various areas, including adequate attorney-client communication, appropriate diligence and legal advocacy in representing clients, improper fee arrangements, improper supervision of acknowledgments, and lack of candor with a judge. It is further alleged that, although the defendants were warned in July, 1987, to change their procedures, they failed to do so.

The current proceeding before the court is the joint application of the statewide grievance committee and both defendants requesting that the court approve and enter judgment upon a stipulated disposition entered into by counsel for the committee and the defendants and agreed to in writing by each defendant.

In essence, the stipulated disposition provides for three year suspensions accompanied, in the case of Norman Ebenstein, by a "letter of irrevocable permanent retirement from the practice of law" and, in the case of Douglas S. Ebenstein, by certain provisions for a

$50,000 donation, payment of the committee's counsel fees, and reinstatement at the end of a three year period provided he has completed legal ethics courses and passed the multistate Professional Responsibility Examination. The suspension period of Norman Ebenstein is to run from October 12, 1990. The suspension period of Douglas S. Ebenstein is to run from the date of the court order adopting the disposition.

We find no reason why the Superior Court cannot accept a stipulated disposition with respect to the discipline of an attorney. Judges of the Superior Court possess the inherent authority to regulate attorney conduct and to discipline members of the bar. *Sobocinski* v. *Statewide Grievance Committee,* 215 Conn. 517, 525, 576 A.2d 532 (1990); *Heslin* v. *Connecticut Law Clinic of Trantolo & Trantolo,* 190 Conn. 510, 523, 461 A.2d 938 (1983). Practice Book § 29 provides: "The superior court may, for just cause, suspend or disbar attorneys . . . ."

Pursuant to that authority, the court has the responsibility of reviewing the disposition to ensure that the interests of justice are served and, giving due consideration to the rights of the parties, to maintain appropriate professional standards, as well as to protect the public and the court.

The defendants did not appear before this court at the time the stipulated disposition was submitted. Rather, they have filed affidavits indicating their knowledge of and agreement to the terms of the stipulation. Connecticut has no specific rules regarding the procedure and requirements incident to a consent or stipulated disposition in a grievance procedure against an attorney. The proceeding, itself, is neither civil nor criminal in nature and has been characterized by the Connecticut Supreme Court as a proceeding sui generis. *Statewide Grievance Committee* v. *Rozbicki,* 219 Conn. 473, 483, 595 A.2d 819 (1991).

We note with approval that Rule 20 (C) of the Model Rules for Lawyer Disciplinary Enforcement adopted by the ABA House of Delegates in August, 1989, (but not adopted in Connecticut at this time) contains the following provision as to the form of affidavit required in a consent procedure: "(3) [The lawyer] acknowledges that the material facts so alleged are true; and (4) [The lawyer consents] because [the lawyer] knows that if charges . . . predicted upon the matters under investigation were filed, or if the pending proceeding were prosecuted, [the lawyer] could not successfully defend himself." ABA/BNA Lawyers Manual on Professional Conduct, p. 01:614.

In order to fulfill our responsibility to the public, as well as to the court and to the bar, we consider a statement similar to either Model Rule 20 (C) (3) or Model Rule 20 (C) (4) or both, to be highly desirable in any consent stipulation involving serious misconduct by an attorney. In Connecticut, every attorney is a commissioner of the Superior Court subject to its rules and each attorney has the duty of candor to this court as set forth in rule 3.3 of the Rules of Professional Conduct.

The court recognizes, however, that there may be valid reasons of an extraordinary nature that arise in a particular case, as to why such statements in a public record may unfairly prejudice an attorney with respect to pending or imminent court proceedings. It is conceivable that such an affidavit, even if sealed, might become available in other court proceedings.

The court believes, however, that some representation in this regard is necessary in the absence of any statement in the affidavits or in other documents either acknowledging the material facts or conceding the absence of a defense to the complaints raised by the presentment.

An even more serious concern to this court is the automatic lifting of the suspensions provided for in the stipulation after the period of three years, following the voluntary "retirement" of Norman Ebenstein and the fulfillment of certain conditions by Douglas S. Ebenstein. The nature of the charges and the length of the suspensions proposed clearly place these cases in a serious category. Rules 24 and 25 of the Model Rules, draw a clear distinction between the reinstatement of an attorney suspended for less than six months and an attorney suspended for more than six months. In the case of an attorney suspended for less than six months, reinstatement can be effected simply by the attorney filing an affidavit stating that all the requirements of the suspension order have been complied with. In the case of an attorney suspended for more than six months, reinstatement can take place only upon petition of the attorney and an order of the court. ABA/BNA Lawyers Manual, supra, p. 01.617.

Although these model rules have not been adopted in Connecticut, still, the distinctions defined by these rules are useful guides to this court. Moreover, an important factor that this court should consider in approving a sanction proposed in a disposition is the extent of potential injury caused by the attorney's misconduct. See Model Standards for Imposing Lawyer Sanctions, adopted by the ABA House of Delegates in February, 1986, ABA/BNA Lawyers Manual, supra, p. 01:805.

This court has insufficient knowledge of the full extent of the injuries caused by the misconduct in the present case or of the full import of other proceedings involving these same defendants to warrant approval at this time of automatic reinstatement following the three year suspensions. Moreover, in light of the serious nature of the charges and the discipline provided, it is appropriate that all events and circumstances tak-

ing place during the three year suspension periods should be considered along with the interim conduct of the defendants, including their compliance with the conditions set forth in the stipulation, before reinstatement occurs. Admission to practice is based upon the implied condition that the continued enjoyment of the right conferred is dependent upon that individual being a fit and safe person to exercise it. *In re Peck,* 88 Conn. 447, 450, 91 A. 274 (1914). This court believes that any reinstatement of the defendants after suspension should be processed under Practice Book § 36. Moreover, no adequate reason has been given to justify the different effective dates of suspension of the two defendants.

For the above reasons, the proposed stipulated disposition is rejected, without prejudice to consideration of any other stipulation that may be submitted.