[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This application seeks approval of a stipulated disposition dated February 2, 1993, involving presentments brought by the Statewide Grievance Committee pursuant to Practice Book 31. A previous joint application for approval of a stipulated disposition was denied, without prejudice, by a three judge court on April 6, 1992. Statewide Grievance Committee v. Ebenstein, 42 Conn. Sup. 179 (1992). The court in that case (Page 180), summarized the violations of the Rules of Professional Conduct by the respondents that were alleged in the amended complaint.
The present stipulated disposition was presented to this court on February 2, 1993. At the hearing, Norman Ebenstein and Douglas Ebenstein were represented by counsel but were not personally present. It was explained to the court that Norman Ebenstein was in Florida recovering from very recent surgery and that Douglas Ebenstein was in the office of his attorney, available to be personally present at the hearing at the court's request. The respondents have filed separate written acknowledgments and waivers of rights CT Page 1714 in connection with the proposed stipulated disposition. Although it is customary for respondents in disciplinary actions to be present in court, under all the circumstances in this case, this court excused the personal presence of the respondents.
It appears that virtually all the concerns expressed in the April 6, 1992, decision, supra, have been addressed in the present stipulation. In the stipulation, each respondent has acknowledged that if the pending proceedings were prosecuted, he could not successfully defend himself as to certain described allegations in the complaint, which allegations are considered by this court to be the most significant and serious of the charges. Representations were made by counsel for the respondents that all pending and future claims for damages to former clients, related to the practices described in the presentments, are covered by an adequate amount of liability insurance and that arrangements for a local agent to accept service will be maintained. Any application by Douglas Ebenstein for reinstatment will be processed under Conn. Practice Book 36.
The court relies on the representations of the Statewide Grievance Committee that it has made a thorough investigation of all related grievances which have been filed, that it is satisfied that the rights of injured parties are adequately protected and that it will continue to monitor arrangements in place.
The court is satisfied that the proposed stipulated disposition provides disciplinary sanctions appropriate to the serious misconduct of the respondents, and insures that the interests of justice are served, giving due consideration to the rights of the parties, the maintenance of professional standards and the protection of the public and this court.
In accordance with the stipulation dated February 2, 1993, it is hereby ordered that:
 1. Norman Ebenstein's resignation from the Connecticut Bar is accepted.
 2. Norman Ebenstein's permanent and irrevocable waiver of his right to apply for readmission to the Connecticut Bar is accepted.
CT Page 1715
 3. Douglas Ebenstein is suspended from the practice of law for three years, effective April 6, 1992; if he seeks reinstatement, he must apply in accordance with Section 36 of the Connecticut Practice Book as set forth in the stipulated disposition.
 4. Douglas Ebenstein may apply for reinstatement on or after October 6, 1994, but his application may not be ruled upon prior to April 6, 1995.
 5. Douglas Ebenstein must strictly comply with all conditions of the stipulated disposition as conditions precedent to his possible reinstatement.
Dated at Hartford, Connecticut, this 16th day of February, 1993.
BY THE COURT
Jerry Wagner, J. Philip R. Dunn, J. Richard A. Walsh, J.